IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  4:13cr105/MW/GRJ
 4:16cv276/MW/GRJ

TERRY CONRAD GRIFFIN

## **REPORT AND RECOMMENDATION**

This matter is before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody and Memorandum in Support (ECF Nos. 78 & 79); the Government's Response (ECF No. 84); and Petitioner's Reply (ECF No. 88.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and (b) Governing § 2255 Cases.

## I.  BACKGROUND

On December 4, 2013, a grand jury returned a one-count indictment charging Petitioner with possession with intent to distribute cocaine and twenty-eight grams or more of a mixture and substance containing cocaine base, commonly known as "crack cocaine," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C). (ECF No. 1.) On December 11, 2013, Petitioner appeared before the Court and was arraigned on the charges and detained pending trial. (ECF Nos. 6-12.)

Petitioner pleaded guilty pursuant to a plea bargain agreement, which United States District Judge Mark E. Walker accepted on January 28, 2014. (ECF Nos. 16-18.) Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). (ECF No. 29.) The PSR reflected that Petitioner had a base-offense level of 26. *Id.* at ¶ 19. The PSR further applied a career-offender enhancement under § 4B1.1 because the offense was a felony controlled-substance offense, and Petitioner has at least two prior felony convictions that qualify as either a crime of violence or a controlled-substance offense: a 2004 conviction for sale of cocaine within 1,000 feet of a church in Cause No. 04-

CF-177; a 2010 conviction for possession of cocaine with intent to sell or deliver in Cause No. 09-CF-437; and a 2011 conviction for sale of cocaine in Cause No. 10-CF-446. *Id.* at ¶ 25. After adjustments for acceptance of responsibility, Petitioner's total-offense level was 31. *Id.* at ¶ 28. Petitioner's criminal history category was VI. *Id.* at ¶ 38. Pursuant to 21 U.S.C. § 841(b)(1)(B)(iii), Petitioner had a mandatory minimum term of imprisonment of five years and a maximum term of forty years. *Id.* at ¶ 65. The applicable Guidelines range was 188 to 235 months of imprisonment. *Id.* at ¶ 66.

On July 10, 2014, Judge Walker sentenced Petitioner to 120 months of imprisonment, a four-year term of supervised release, and a $100 Special Monetary Assessment. (ECF No. 44.) The Court entered the judgment against Petitioner on July 14, 2014. (ECF No. 45.) Petitioner did not appeal his conviction to the Eleventh Circuit Court of Appeals, however, he did file a series of post-conviction motions.

First, Petitioner filed a "Motion for Modification Of Sentence Because Defendant Was Only Branded a Career Criminal But Not Sentenced As Such and the Government Failed to Include In The Indictment Defendant's

Prior Three Felony Convictions." (ECF No. 51.) The Court denied the Motion on November 3, 2014 (ECF No. 54), and Petitioner appealed the Court's ruling to the Eleventh Circuit Court of Appeals. The Eleventh Circuit dismissed the appeal for failure to prosecute on March 11, 2016. (ECF No. 77.)

Next, Petitioner filed a "Second Motion for Reduction of Sentence Under The Fair Sentencing Act (FSA)" on November 30, 2015. (ECF No. 61.) However, the Court denied the motion on December 15, 2015, having found that the FSA was properly applied in this case. (ECF No. 65.)

Petitioner then filed a Motion for Rehearing on December 22, 2015, which the Court construed as a Motion for Reconsideration of its denial of Petitioner's Second Motion for Reduction of Sentence Under The FSA. (ECF No. 68.) The Court denied the Motion for Reconsideration by order dated December 31, 2015. (ECF No. 69.) Petitioner appealed the denial of the Motion for Reconsideration to the Eleventh Circuit Court of Appeals (ECF No. 74), however the Eleventh Circuit dismissed the appeal for want of prosecution on February 19, 2016. (ECF No. 76.)

On April 20, 2016, Petitioner filed the instant *pro se* Motion pursuant to § 2255. In his sole ground for relief, Petitioner argues that his career-offender sentence enhancement pursuant to § 4B1.1 of the Sentencing Guidelines is unlawful after *Descamps v. United States*, 133 S. Ct. 2276 (2013), *Donawa v. United States Attorney General*, 735 F.3d 1275 (11th Cir. 2013), and *Mays v. United States*, 817 F.3d 728, 730-31 (11th Cir. 2016), because his prior convictions—violations of Fla. Stat. § 893.13—are not "controlled-substance offense[s]" within the meaning of § 4B1.2(b).

## II. ANALYSIS

### *A. General Legal Standard*

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for

transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are

wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### *B. Time Bar*

First, the Government correctly asserts that Petitioner's Motion is barred by the statute of limitations. Section 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the

Case Nos.: 4:13cr105/MW/GRJ; 4:16cv276/MW/GRJ

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on [1]July 14, 2014, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later. *See* FED. R. APP. P. 4(b)(1). Thus, the instant Motion, filed on April 20, 2016, is untimely by almost nine months.[2]

Petitioner seeks to invoke § 2255(f)(3) to overcome the time-bar on the grounds that the Motion was filed within one year of when the Eleventh Circuit made *Descamps* retroactive to cases on collateral review in *Mays*. In *Descamps*, the Supreme Court held that sentencing courts may not apply the "modified categorical approach" to determine whether a prior

---

[1] Although, Petitioner references in his reply that he filed motion to vacate based upon *Johnson,* there is no record that any such motion was filed, Petitioner does not attach a copy of the motion he allegedly filed and notably in the current petition in response to question 10 he affirmatively represents under penalty of perjury that he previously did not file any other petitions, motion or applications concerning this judgment of conviction. This representation is directly at odds with his statement in his reply that he previously filed a 2255 motion.

Case Nos.: 4:13cr105/MW/GRJ; 4:16cv276/MW/GRJ

offense was a violent felony under the ACCA, when the crime of which the defendant was convicted has a single, indivisible set of elements. 570 U.S. 254. In *Mays*, the Eleventh Circuit held that, under *Descamps* and *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014), third-degree burglary convictions in Alabama cannot qualify as violent felonies under the ACCA's enumerated offense clause. 817 F.3d at 736. The Eleventh Circuit further held in *Mays* that the *Descamps* decision is retroactively applicable to cases on collateral review. *Id.* at 733-34.

However, in *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017), the Eleventh Circuit explained that the issuance of the *Descamps* decision cannot qualify as a triggering date under § 2255(f)(3) because to restart the statute of limitations, the right must have been "newly recognized by the Supreme Court," and *Descamps* did not set out a newly recognized right:

> In holding that the *Descamps* decision is retroactively applicable to cases on collateral review, our *Mays* decision makes clear that *Descamps* did not set out a newly recognized right. In fact, we based our decision on the recognition that "*Descamps* did not announce a new rule—its holding merely clarified existing precedent." 817 F.3d at 734; *see also Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."). And as we have explained, "[i]f the decision merely

> clarifies an old rule, . . . . the petitioner will not be able to take advantage of the extended statute of limitations under § 2255, which requires a newly recognized right by the Supreme Court." *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 n.4 (11th Cir. 2012). As a result, a § 2255 movant wishing to raise a *Descamps* claim cannot rely on subsection (f)(3) as the starting point for the calculation of the limitations period. Instead, he must file his motion within one year of one of the other triggering dates set out in § 2255(f).

*Id.* at 1220. Thus, Petitioner cannot rely on *Descamps* to circumvent the untimeliness of his Motion. Accordingly, Petitioner's Motion is time-barred and should be dismissed with prejudice.

### C. Improper Collateral Attack

The Government next argues that, notwithstanding the time-bar, the Motion is an impermissible, collateral attack on Petitioner's sentence, and, under *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014), this Court lacks the authority to review the error.

*Spencer* is instructive here. Defendant Spencer pleaded guilty in federal court to distributing cocaine base. *Id.* at 1145. The district court sentenced Spencer as a career offender based on prior convictions for sale of cocaine and felony child abuse. *Id.* Spencer challenged the enhancement in a Motion pursuant to § 2255, arguing that the district court erroneously sentenced him as a career offender. The district court denied

Spencer's motion, and Spencer appealed.

In affirming the denial of Spencer's motion, the Eleventh Circuit held that a misapplication of the Guidelines' career-offender enhancement is not an error that warrants collateral relief. *Id.* at 1138-40. The Eleventh Circuit explained that "[w]hen a prisoner, like Spencer, alleges that his sentence was imposed in violation of the . . . laws of the United States . . . or is otherwise subject to collateral attack, 28 U.S.C. § 2255(a), a district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 1138 (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)) (internal quotation marks omitted).

The Eleventh Circuit further explained that erroneously designating a defendant as a career offender is not a fundamental defect that inherently results in a complete miscarriage of justice because the Guidelines are advisory. *Id.* at 38, 40. Rather, a prisoner may challenge a sentencing error as a "fundamental defect" on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated. However, because Petitioner, like

Spencer, does not allege that he is actually innocent of the crime for which he was indicted, or that any of his prior convictions have been vacated, and contends only that the district court erroneously classified him as a career offender under the advisory Guidelines, there can be no collateral review of Petitioner's sentence.

### D. Merits

Last, the Government argues that Petitioner's claim fails on the merits. The Court understands Petitioner to allege that his prior convictions under Fla. Stat. § 893.13 do not qualify as controlled-substance offenses under the Guidelines after *Descamps*. Petitioner's argument is foreclosed by the Eleventh Circuit's decision in *United States v. Smith*, 775 F.3d 1262, 1264-68 (11th Cir. 2014) ("Section 893.13(1) of the Florida Statutes is both a "serious drug offense," 18 U.S.C. § 924(e)(2)(A), and a "controlled substance offense," U.S.S.G. § 4B1.2(b)"). Moreover, the Eleventh Circuit considered and rejected Petitioner's precise argument in *United States v. Burton*, 564 F. App'x 1017, 1019-20 (11th Cir. 2014) (holding that because "*Descamps* and *Donawa* address other federal statutes and do not address whether an offense under Florida Statutes § 893.13(1)(a) is a controlled

substance offense under U.S.S.G. § 4B1.2(b), their holdings cannot establish plain error"). Accordingly, Petitioner's claim lacks merit and is due to be denied.

### E. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so here. Accordingly, to the extent Petitioner requests an evidentiary hearing, his request is denied.

## III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown he is entitled to § 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's Motion should be dismissed with prejudice and denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued

"the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 78) should be **DISMISSED WITH PREJUDICE AND DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 9th day of February, 2018.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:13cr105/MW/GRJ; 4:16cv276/MW/GRJ